# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN TRIGGER PULLERS LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § | CIVIL ACTION H-19-2694 |
| | § | |
| SHAWN WYLDE *et al.*, | § § | |
| *Defendants*. | § § | |

## ORDER

Pending before the court in this copyright infringement action is defendant Shawn Wylde a/k/a Shawn Joyce's ("Wylde") motion for summary judgment, or alternatively, motion for reconsideration of Wylde's motion to dismiss[1] (Dkt. 41), and plaintiff American Trigger Pullers LLC's ("American") opposed motion to dismiss its claims against Wylde without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (Dkt. 44).[2] Each party has responded to the other's motion and both are ripe for review. *See* Dkt. 45 (American's response to Wylde's motion[3]); Dkt. 46 (Wylde's reply); Dkt. 48 (Wylde's response to American's opposed motion to dismiss); Dkt. 49 (American's reply). Having considered the motions, responses, evidentiary record, and applicable

---

[1] Wylde incorporates by reference his motion to dismiss (Dkt. 28-1) and reply thereto (Dkt. 34). Dkt. 41 at 2.

[2] The deadline to amend pleadings was February 14, 2020. Dkt. 40. An observant reader may query why the court need enter any order at all if both sides ultimately agree that Wylde should be dismissed from this case after the amended pleading deadline has passed. The answer is simple: money. Wylde's motion for summary judgment seeks reasonable attorneys' fees and costs. Meanwhile, American only "opposes Wylde's Motion for Summary Judgment *to the extent it requests attorney fees and costs*" and "respectfully requests that this Court dismiss Wylde, *with each party bearing its own fees and costs*." Dkt. 45 at 1–2.

[3] American incorporates by reference its response (Dkt. 33) to Wylde's motion to dismiss (Dkt. 28-1). Dkt. 45 at 2.

law, the court finds that Wylde's motion for summary judgment (Dkt. 41) should be **GRANTED** and American's opposed motion to dismiss (Dkt. 44) should be **DENIED**.

## I. BACKGROUND

American originally filed suit against a host of defendants asserting five claims: (1) copyright infringement of the under 17 U.S.C. § 106, (2) unfair competition and false designation of origin under 15 U.S.C. § 1125(a), (3) common law unfair competition, (4) common law misappropriation, and (5) unjust enrichment. Dkt. 1 ¶¶ 37–57. These claims concern American's original design ("the Design") and two copyrighted photos ("the ATP Photos"). *Id.* ¶¶ 17–19. On October 4, 2019, Wylde and his entities—Wylde Inc., OAF Nation Inc., Semper Silkies LLC—and associate, Ernest Browne, moved for leave to late file a motion to dismiss (Dkt. 28), attaching a proposed motion to dismiss (Dkt. 28-1). On October 24, 2019, American dismissed Wylde's entities and Browne (Dkt. 29), and the court terminated the motion for leave (Dkt. 35). The dismissal of Wylde's entities and Browne left only Wylde, Eric Shane Davis, and Davis's entities—Shane Davis, Inc. and Texas Pride Unlimited, LLC d/b/a Texas Pride Apparel ("Texas Pride")—as defendants.

Wylde brings the instant motion alone; neither Davis nor his entities are joined or represented by Wylde's counsel. Dkt. 41 at 4. For the purposes of this motion only, the court notes that neither Wylde nor American dispute that Davis and Texas Pride made use of the Design and ATP Photos. *Compare* Dkt. 41 at 6 ("Those [interrogatory] answers show that only Shane Davis and Texas Pride Unlimited made use of the Design and ATP Photos."), *with* Dkt. 45 at 3 ("Defendant Texas Pride . . . commercially exploited American's unique Design . . . . Texas Pride also exploited American's copyrighted photos."). The only question at issue is whether Wylde also infringed—either directly, contributorily, or vicariously—on American's copyright or made use of its Design.

Wylde moves for summary judgment arguing that all defendants' discovery responses show there is no evidence that he had any involvement with Davis or Texas Pride's activities. Dkt. 41 at 6. American responds that, because Wylde was named as a Director of Texas Pride, and because Wylde owns a company—Print Brains—which profited from the sale of Texas Pride's products, Wylde is liable to American. Dkt. 45 at 4.

## II. LEGAL STANDARD

Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it could affect the outcome of the lawsuit, and a dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). However, "[i]f the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden 'by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Axxiom Mfg., Inc. v. McCoy Invs., Inc.*, 846 F. Supp. 2d 732, 742 (S.D. Tex. 2012) (Rosenthal, J.) (quoting *Celotex*, 477 U.S. at 325).

"Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case." *Id.* at 742–43 (citing *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). "When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on its pleading allegations. The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim." *Id.* at 743 (citing *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. 242 at 255, 106 S. Ct. at 2513 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S. Ct. 1598, 1608–09, 26 L. Ed. 2d 142 (1970)). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Axxiom*, 846 F. Supp. 2d at 743 (quoting *Boudreaux*, 402 F.3d at 540). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

### III. ANALYSIS

Wylde moves for summary judgment on all five claims, arguing that "the evidence unequivocally proves he had nothing to do with the allegations forming the basis for this lawsuit." Dkt. 41 at 9. In support, Wylde cites to his own interrogatory responses and those of Davis and Texas Pride, which "show that only Shane Davis and Texas Pride Unlimited made use of the Design and ATP photos." Dkt. 41 at 6. American responds that Wylde neglected to inform the court of his amended interrogatory responses, which show that "a genuine dispute exists as to whether Wylde

4

contributed to, or profited from, sales of products bearing the Design or advertisements using the ATP photos" because "the company which [Wylde] owns and serves as President, Print Brains, *did* profit from sales of shirts bearing the Design." Dkt. 45 at 5–6 (emphasis in original). American maintains that Wylde's ownership of Print Brains, coupled with his status as a director of Texas Pride, create a fact issue "as to whether Wylde contributed to, or profited from, sales of products bearing the Design or advertisements using the ATP Photos." *Id.* at 5.

American fails to articulate its theory of liability as to Wylde, but the court assumes—based on American's response to Wylde's motion to dismiss—that American is alleging vicarious copyright infringement against Wylde. *See* Dkt. 33 ¶ 7 ("American's factual allegations . . . are sufficient to show that Wylde is at least vicariously liable for Texas Pride's direct copyright infringement of the ATP Photos because . . . it is plausible that Wylde profited from Texas Pride's direct infringement of the ATP Photos while declining to exercise a right to stop or limit such infringement."). A vicarious infringement theory "allows imposition of liability when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 931, 125 S. Ct. 2764, 2776, 162 L. Ed. 2d 781 (2005).

The court can assume without deciding that there is a fact issue as to the second prong of vicarious infringement: whether Wylde profited directly from Texas Pride's infringement.[4] Wylde

---

[4] Wylde argues "that Print Brains is a software ordering system" that simply sends orders to third party vendors and that Print Brains is "immune in light of 47 U.S.C. § 230, which states: 'No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.'" Dkt. 46 at 2–3 (quoting 47 U.S.C.A. § 230(c)(1)). Contrary to Wylde's contentions, "Section 230(c)(1) does not provide immunity for either federal or state intellectual property claims." *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 704 (S.D.N.Y. 2009). *See also Perfect 10, Inc. v. CCBill LLC*,

5

is still entitled to summary judgment because American has pointed to no evidence that would demonstrate a fact issue as to the first element: Wylde's "right and ability to supervise" Texas Pride. Wylde's mere status as a director of Texas Pride does not create an inference that Wylde personally supervised Texas Pride's activities. *See Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, 11 F. Supp. 3d 689, 694 (N.D. Tex. 2014) (finding that defendant's position as a corporate officer "does not automatically establish that [defendant] had the requisite right and ability to control the infringing activities without more"); *Yesh Music v. Lakewood Church*, No. 4:11-CV-03095, 2012 WL 524187, at *7 (S.D. Tex. Feb. 14, 2012) (Ellison, J.) (finding that plaintiff failed to state a claim for vicarious infringement because allegations that pastor and his wife were directors of church, without more, were insufficient to suggest that they personally supervised the infringing conduct). Accordingly, Wylde is entitled to summary judgment on American's claim of copyright infringement.

Three of American's remaining claims demand an even greater showing as to Wylde than vicarious copyright infringement for American to hold him liable. *See, e.g.*, *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 462 (5th Cir. 2001) (violation of the Lanham Act requires showing some statement by Wylde); *Greater Houston Transp. Co. v. Uber Techs., Inc.*, 155 F. Supp. 3d 670, 696 (S.D. Tex. 2015) (liability for common law unfair competition requires showing "some independent substantive tort or other illegal conduct"); *BP Auto., L.P. v. RML Waxahachie Dodge, L.L.C.*, 448 S.W.3d 562, 572 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (common law misappropriation requires showing that Wylde personally used the Design or ATP Photos).

---

488 F.3d 1102, 1118 (9th Cir. 2007) (quoting *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1322 (11th Cir. 2006)) ("The immunity created by § 230(c)(1) is limited by § 230(e)(2) . . . . As a result, the CDA does not clothe service providers in immunity from 'law[s] pertaining to intellectual property.'").

Accordingly, Wylde is entitled to summary judgment on American's Lanham Act and common law misappropriation and unfair competition claims as well.

Finally, the court notes a split of authority on whether unjust enrichment is an independent cause of action in Texas. *See Janvey v. Alguire*, 3:09-CV-0724-N-BG, 2018 WL 4335677, at *3 (N.D. Tex. Sept. 11, 2018) (collecting cases and discussing split of authorities). To the extent that American's unjust enrichment claim hinges on its other claims, Wylde is entitled to summary judgment. To the extent that American intends to state a independent, equitable common law claim for unjust enrichment, Wylde is still entitled to summary judgment. American's response does not even discuss this claim or the inequities that would warrant judgment in its favor. *See* Dkt. 45. Moreover, American only "opposes Wylde's Motion for Summary Judgment to the extent it requests attorney fees and costs." *Id.* at 1. Therefore, Wylde is entitled to summary judgment on American's unjust enrichment claim as well.

## IV. CONCLUSION

For the reasons stated above, Wylde's motion for summary judgment (Dkt. 41) is **GRANTED** and American's opposed motion to dismiss (Dkt. 44) is **DENIED**.

Signed at Houston, Texas on April 9, 2020.

_____
Gray H. Miller
Senior United States District Judge

7